1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CROSSAN D. HOOVER, JR.,

11           Petitioner,                    No. 2: 10-cv-1447 WBS KJN P

12       vs.

13   G. SWARTHOUT,

14           Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17           Petitioner is a state prisoner proceeding without counsel, with a petition for writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2008 prison

19   disciplinary conviction for possession of contraband (a cell phone) in violation of Cal. Code

20   Regs. tit. 15, § 3006.  This action is proceeding on the original petition filed, pursuant to the mail

21   box rule, on May 6, 2010.

22           In the answer, respondent argues that the petition is barred by the statute of

23   limitations and that the claims are procedurally barred.  Respondent also argues that the claims

24   should be denied on the merits.

25           These arguments would have been more appropriately raised in a motion to

26   dismiss.  Nevertheless, petitioner had an opportunity to oppose these arguments (Docket ("Dkt.")

1   No. 20), respondent filed a reply (Dkt. No. 220, and petitioner filed a response (Dkt. No. 23).

2   Accordingly, the issues have been fully briefed.

3          After carefully considering the record, the undersigned recommends that the

4   petition be dismissed on grounds that this action is barred by the statute of limitations and that

5   the claims are procedurally barred.  For these reasons, the undersigned does not reach the merits

6   of petitioner's claims.

7   II.  Statute of Limitations

8          28 U.S.C. § 2244(d)(1) sets forth the relevant statute of limitations:

9          A 1-year period of limitation shall apply to an application for a writ
           of habeas corpus by a person in custody pursuant to the judgment
10         of a State court.  The limitation period shall run from the latest of –

11         (A) the date on which the judgment became final by the conclusion
           of direct review or the expiration of the time for seeking such
12         review;

13         (B) the date on which the impediment to filing an application
           created by State action in violation of the Constitution or laws of
14         the United States is removed, if the applicant was prevented from
           filing by such State action;

15
           (C) the date on which the constitutional right asserted was initially
16         recognized by the Supreme Court, if the right has been newly
           recognized by the Supreme Court and made retroactively
17         applicable to cases on collateral review; or

18         (D) the date on which the factual predicate of the claim or claims
           presented could have been discovered through the exercise of due
19         diligence.

20   28 U.S.C. § 2244(d)(1).

21          *Triggering Date for Statute of Limitations*

22          In most cases, the limitations period begins running on the date that the

23   petitioner's direct review became final, pursuant to subsection (d)(1)(A).  In a situation such as

24   this, however, where the petitioner is challenging a prison disciplinary conviction, the Ninth

25   Circuit has held that direct review is concluded and the statute of limitations commences,

26   pursuant to subsection (d)(1)(D), *when the final administrative appeal is denied*.  Redd v.

2

1   McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that the Board of Parole Hearing's denial

2   of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that

3   triggered the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066

4   (9th Cir. 2004) (holding that the statute of limitation does not begin to run until a petitioner's

5   administrative appeal has been denied).

6         Respondent contends that petitioner exhausted his administrative appeals only

7   through the second level of administrative review.  Accordingly, respondent contends, the

8   triggering event for the statute of limitations is the date that petitioner received his second level

9   administrative appeal response, i.e. November 12, 2008.

10         In his opposition, petitioner argues that his attempts to administratively exhaust

11   his claims to the final level of review, i.e. Director's Level, were impeded by prison officials.

12   Petitioner argues that the triggering date for the statute of limitations should be the date he made

13   his final attempt to obtain a Director's Level response to his administrative appeal challenging

14   the at-issue prison disciplinary, i.e. May 20, 2009.

15         The background to petitioner's argument is as follows.  On November 12, 2008,

16   petitioner's second level appeal was denied.  (Dkt. No. 1, at 43.)  This appeal response identified

17   the *appeal log number* as "SOL 08-03411."  (Id.)  This appeal response identified the *rules*

18   *violation report log number* as "S3-08-07-0493."  (Id.)

19         On December 22, 2008, petitioner filed an appeal to the Director's Level from the

20   Second Level administrative appeal response.  (Id., at 62.)  On January 15, 2009, the Director's

21   Level appeal was returned to petitioner on grounds that it was incomplete because he did not

22   attach a copy of the "CDC Form 115-A, Serious Rules Violation Report (final copy)."  (Id., at

23   53.)

24         On January 23, 2009, petitioner submitted a Trust Account Withdrawal form in

25   order to obtain a copy of the CDC Form 115-A for "SOL 08-3411."  (Id., at 55.)  On February 9,

26   2009, the appeal's office advised petitioner to request the form from his correctional counselor.

1  (Id.)  On February 13, 2009, petitioner requested from his correctional counselor a copy of  CDC

2  Form 115-A for "SOL 08-3411."  (Id., at 57.)  The correctional counselor responded that there

3  was no 115A matching this log number.  (Id.)  On March 7, 2009, petitioner sent a letter to the N.

4  Grannis, the Director of the Inmate Appeals Branch.  (Id., at 59.)  In this letter, petitioner stated

5  that the January 15, 2009, memorandum "screening out" his Director's Level appeal was in error

6  because no CDC Form 115-A existed for his conviction.  (Id.)  Petitioner made additional

7  attempts to exhaust his administrative remedies at the Director's Level until May 20, 2009.

8          After reviewing the record, it appears that in his request to his correctional

9  counselor for a copy of the CDC Form 115-A Report, petitioner incorrectly wrote down the

10  *appeals log number* rather than the *log number for the disciplinary conviction*.  As discussed

11  above, the log number for the conviction was contained in the Second Level Appeal decision.

12          Although petitioner did not exhaust his administrative remedies to the Director's

13  Level due to an apparently innocent mistake, the undersigned must find that the triggering date

14  for the statute of limitations is the date of the Second Level Appeal.  The Second Level Appeal

15  decision was the "final" administrative decision addressing petitioner's appeal.

16          Petitioner had one year from November 12, 2008, to file a timely federal petition.

17  The instant action, filed May 6, 2010, is not timely unless petitioner is entitled to statutory or

18  equitable tolling.

19          *Statutory Tolling*

20          The AEDPA statute of limitations is tolled during the time a properly filed

21  application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).  The

22  statute of limitations is not tolled during the interval between the date on which a decision

23  becomes final and the date on which the petitioner files his first state collateral challenge.  Nino

24  v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once state collateral proceedings are

25  commenced, a state habeas petition is "pending" during a full round of review in the state courts,

26  including the time between a lower court decision and the filing of a new petition in a higher

1    court, as long as the intervals between petitions are "reasonable."  See Evans v. Chavis, 546 U.S.

2    189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

3           In reviewing habeas petitions from California, the Ninth Circuit formerly

4    employed a rule that where California courts did not explicitly dismiss a habeas petition for lack

5    of timeliness, the petition was presumed timely.  The Supreme Court rejected this approach and

6    now requires the lower federal courts to determine whether a state habeas petition was filed

7    within what California would consider a reasonable period of time.  Chavis, 546 U.S. 189.  When

8    a state post-conviction petition is determined to be untimely by a state court, that is the end of the

9    matter for purposes of § 2244(d)(2).  Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)

10   (citing Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).  However, in the absence of a clear

11   indication that a petitioner's state habeas petition was denied as untimely, courts are now charged

12   with the duty of independently determining whether a petitioner filed his state habeas petitions

13   within what California would consider a reasonable time.  Chavis, 546 U.S. at 198.

14          Of note, in the answer respondent claims that petitioner filed his first state habeas

15   petition challenging the at-issue prison disciplinary conviction in the California Court of Appeal

16   on March 3, 2009.  Respondent claims that this petition was summarily denied on March 12,

17   2009.  Respondent argues that petitioner is not entitled to statutory tolling for this petition

18   because it is presumptively untimely as it was filed 112 days after the conclusion of petitioner's

19   administrative appeal.

20          Respondent did not file a copy of the habeas corpus petition filed by petitioner in

21   the California Court of Appeal on March 3, 2009.  Instead, respondent filed a copy of the docket

22   from the California Court of Appeal reflecting when petitioner filed this petition and when it was

23   denied.  (Dkt. No. 17-1, at 33.)  Respondent also filed a copy of the order by the California Court

24   of Appeal denying the petition.  (Dkt. No. 17-1, at 35.)  This order reflects that petitioner had

25   previously filed a related habeas corpus petition in the Marin County Superior Court, number

26   FCR261452.  (Id.)

1    Significantly, in his response to the answer, petitioner states that the petition he

2  filed in the California Court of Appeal on March 3, 2009, was not related to his challenge to the

3  at-issue prison disciplinary conviction, which occurred at California State Prison-Solano.  (Id., at

4  23.)  Instead, as discussed below, it wasn't until June 2009 that petitioner filed a habeas corpus

5  petition in the Solano Superior Court challenging the at-issue prison disciplinary conviction.

6    The circumstances discussed above support petitioner's argument that the petition

7  filed in the California Court of Appeal on March 3, 2009, was unrelated to the instant action.

8  Accordingly, the undersigned finds that respondent has not met his burden of demonstrating that

9  the March 3, 2009 petition filed in the California Court of Appeal is relevant to this action.  See

10  Fleming v. Evans, 481 F.3d 1249, 1257 (10th Cir. 2007) (under AEDPA, respondent "bears the

11  burden of proving that the AEDPA limitations period has expired."); Gildon v. Bowen, 384 F.3d

12  883, 886 (7th Cir. 2004) ("Since the period of limitations is an affirmative defense, the state has

13  the burden of showing that the petition is untimely."); Griffin v. Rogers, 308 F.3d 647, 653 (6th

14  Cir. 2002) ("[T]he party asserting statute of limitations as an affirmative defense has the burden

15  of demonstrating that the statute has run.").

16    More accurately, respondent next contends that petitioner filed a habeas petition

17  challenging the at-issue prison disciplinary on June 10, 2009, in the Solano County Superior.  A

18  copy of this petition and the August 11, 2009 order by the Superior Court are attached as exhibits

19  to the answer.  (Dkt. No. 17-1 at 2, 29.)  This petition does not contain a proof of service

20  indicating when petitioner gave it to prison officials for mailing.  However, petitioner signed the

21  petition on May 20, 2009.  (Id., at 13.)  The Superior Court denied this petition in a reasoned

22  decision on the merits.  (Id., at 29.)   For this reason, the undersigned presumes that the superior

23  court would have expressly stated that the petition was untimely had it found so.  Accordingly,

24  petitioner is entitled to statutory tolling for this petition.

25    Respondent also contends that petitioner next filed a habeas corpus petition in the

26  California Court of Appeal challenging the at-issue prison disciplinary on August 10, 2010,

1   which was summarily denied on August 16, 2010.

2   However, in his reply to the answer, petitioner claims that the petition he filed in

3   the California Court of Appeal on August 10, 2010, concerned challenges to decisions by the

4   California Board of Parole Hearings.  Instead, petitioner claims that on August 25, 2010, he filed

5   a habeas corpus petition in the California Court of Appeal challenging the at-issue prison

6   disciplinary which was denied on October 1, 2010.

7   Neither party filed copies of the petitions  filed by petitioner in the California

8   Court of Appeal in August 2010.  However, a copy of the August 16, 2010 order by the

9   California Court of Appeal indicates that it addressed a matter previously raised in the Marin

10   County Superior Court,  (Dkt. No. 17-1, at 39), supporting petitioner's claim that this petition did

11   not address the at-issue prison disciplinary conviction.

12   On February 24, 2011, the undersigned issued an order stating that he must review

13   the October 1, 2010 order by the California Court of Appeal denying the habeas petition

14   allegedly filed by petitioner on August 25, 2010, in order to determine whether it qualified for

15   statutory tolling.  Respondent was ordered to file a copy of this order within fourteen days.

16   In the response to the February 24, 2011 order, respondent states that the

17   California Appellate Court Case Information System  does not show a habeas corpus petition

18   filed by petitioner on August 25, 2010 or an order denying that petition on October 1, 2010.  The

19   undersigned also observes that California Supreme Court records from the habeas corpus petition

20   filed by petitioner in that court in January 2010 challenging the at-issue prison disciplinary

21   conviction state that there is  "no data" found regarding any previous habeas corpus petition filed

22   by petitioner in the California Court of Appeal.  (Dkt. No. 17-1, at 63.)  For these reasons, the

23   undersigned concludes that petitioner did not file a habeas corpus petition in the California Court

24   of Appeal challenging the at-issue prison disciplinary conviction.

25   On January 19, 2010, petitioner filed a habeas corpus petition in the California

26   Supreme Court challenging the at-issue prison disciplinary conviction which was denied on

1  February 18, 2010, by order citing In re Dexter, 25 Cal.3d 921 (1979).  A copy of this petition

2  and the order by the California Supreme Court are attached as exhibits to the answer.  (Dkt. No.

3  17-1 at 41, 64.)  This petition does not contain a proof of service indicating when petitioner

4  delivered it to prison officials for mailing.  However, the petition was signed by petitioner on

5  December 15, 2009.  (Id., at 51.)  For the reasons discussed herein, petitioner is not entitled to

6  statutory tolling for this petition because it was not timely filed.

7          The California Supreme Court denied the petition by order citing In re Dexter, 25

8  Cal.3d 921 (1979), indicating that it found that petitioner failed to exhaust administrative

9  remedies.[1]  As discussed above, where a state court denies a habeas petition without a clear

10  indication that the petition was timely or untimely, a federal court must examine the delay to

11  determine what the state court would have held with respect to timeliness.  Chavis, 546 U.S. at

12  198.

13          Assuming petitioner gave his petition to prison officials on the date he signed it,

14  i.e. giving petitioner the benefit of the mailbox rule, petitioner filed his habeas corpus petition in

15  the California Supreme Court 126 days after the order by the Solano County Superior Court

16  denying petitioner's habeas petition.  This unexplained delay in the filing of the habeas corpus

17  petition in the California Supreme Court renders it presumptively untimely.  See Evans v.

18  Chavis, 546 U.S. 189, 201 (2006) (holding that delay of six months was unreasonable under

19  California law); Chaffer v. Prosper, 592 F.3d 1046, 1047-48 (9th Cir. 2010) (per curiam)

20  (holding that gaps of 115 days and 100 days rendered California state habeas petitions untimely).

21  Accordingly, petitioner is not entitled to statutory tolling as to the habeas corpus petition filed in

22  the California Supreme Court.

23

24          [1]  Failure to exhaust administrative remedies does not mean the petition was improperly
   filed pursuant to 28 U.S.C. § 2244(d)(2).  Procedural deficiencies do not render a petition
25  improperly filed so long as its "delivery and acceptance are in compliance with the applicable
   laws and rules governing filings."  Atruz v. Bennett, 531 U.S. 4, 8 (2000).
26

1      *Conclusion*

2              Significantly, petitioner makes no argument for equitable tolling.  He is entitled to

3      statutory tolling only for the time his petition was pending in the Superior Court.  Assuming

4      petitioner filed his petition in the Superior Court on the day he signed it, i.e. giving petitioner the

5      benefit of the mailbox rule, petitioner is entitled to statutory tolling for 83 days.  The instant

6      petition is still untimely even adding these additional days to the limitations period.  Accordingly,

7      for the reasons discussed above, the petition should be dismissed on grounds that it is barred by

8      the statute of limitations.

9      III.  Procedural Default

10             Based on concerns of comity and federalism, federal courts will not review a

11     habeas petitioner's claims if the state court decision denying relief rests on a state law ground

12     that is independent of federal law and adequate to support the judgment.  Coleman v. Thompson,

13     501 U.S. 722 (1991); Harris v. Reed, 489 U.S. 255, 260-62 (1989).  Generally, the only state law

14     grounds meeting these requirements are state procedural rules.  However, the procedural basis of

15     the ruling must be clear.  Ambiguous reference to procedural rules is insufficient for invocation

16     of procedural bar.  Calderon v. United States District Court (Bean), 96 F.3d 1126, 1131 (9th Cir.

17     1996).  Similarly, where the procedural and merits analysis are intermixed, it cannot be said that

18     the procedural bar is independent of federal law, i.e., there is no plain statement of reliance on

19     procedural bar.  Harris v. Reed, supra.

20             If there is an independent and adequate state ground for the decision, the federal

21     court may still consider the claim if the petitioner demonstrates:  (1) cause for the default and

22     actual prejudice resulting from the alleged violation of federal law; or (2) a fundamental

23     miscarriage of justice.  Harris, 489 U.S. at 262.  The existence of cause for a procedural default

24     must ordinarily turn on whether the prisoner can show that some objective factor external to the

25     defense impeded counsel's efforts to comply with the State's procedural rule.  McCleskey v.

26     Zant, 499 U.S. 467, 493-94 (1991).  Examples of cause include showings "that the factual or

1   legal basis for a claim was not reasonably available to counsel," "that some interference by

2   officials made compliance impracticable," or "of ineffective assistance of counsel." Murray, 477

3   U.S. at 488.  Prejudice is difficult to demonstrate:

4           The showing of prejudice required under Wainwright v. Sykes is
            significantly greater than that necessary under "the more vague
5           inquiry suggested by the words 'plain error.'" Engle, 456 U.S., at
            135, 102 S. Ct., at 1575; Frady, supra, 456 U.S., at 166, 102 S. Ct.,
6           at 1593.  See also Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.
            Ct. 1730, 1736, 52 L.Ed.2d 203 (1977).  The habeas petitioner
7           must show "not merely that the errors at ... trial created a
            possibility of prejudice, but that they worked to his actual and
8           substantial disadvantage, infecting his entire trial with error of
            constitutional dimensions." Frady, supra, at 170, 102 S. Ct., at
9           1596.

10  Murray v Carrier, 477 U.S. at 493-494 (1986).

11          Although different phraseology is used in the default context from that used in the

12  ineffective assistance of counsel prejudice inquiry, as stated above, the ultimate application of the

13  two prejudice inquiries is essentially similar—that is, whether the prejudice is sufficient to have

14  undermined the reviewer's confidence in the result of the trial.

15          As discussed above, the California Supreme Court denied petitioner's habeas

16  petition by order citing In re Dexter, 25 Cal.3d 921 (1979), indicating that it found that petitioner

17  failed to exhaust administrative remedies.  In order for a claim to be procedurally defaulted for

18  federal habeas corpus purposes, the opinion of the last state court rendering a judgment in the

19  case must clearly and expressly state that its judgment rests on a state procedural bar.  Harris v.

20  Reed, 489 U.S. 255, 263 (1989); Morales v. Calderon, 85 F.3d 1387, 1392 (9th Cir. 1996).  The

21  order by the California Supreme Court indicated that it's decision rested on a state procedural

22  bar.  Carter v. Giurbino, 385 F.3d 1194, 1197 (9th Cir. 2004) (one-sentence summary denial of

23  petition incorporating unelaborated case citation sufficient for procedural default.)

24          The rule in California that inmates must exhaust administrative remedies is well

25  established and has been applied since 1941.  See Abelleira v. District Court of Appeal, 17

26  Cal.2d 280, 292 (1941).  The rule was firmly established at the time of petitioner's default, and

1  has been consistently applied.  See Dexter, 25 Cal.3d at 925; In re Muszalski, 52 Cal.App.3d 500

2  (1975); In re Serna, 76 Cal.App.3d 1010 (1978); Wright v. State, 122 Cal.App.4th 659 (2004).

3  In addition, Dexter is based on state law and is independent of federal law.  See Carter v.

4  Giurbino, 385 F.3d 1194, 1197-98 (9th Cir. 2004) (a state rule is independent where "[n]o federal

5  analysis enters into the [rule's] equation").  Thus, the rule in Dexter is an adequate and

6  independent state ground that bars the undersigned from reaching the merits of petitioner's

7  claims.

8          The undersigned next considers cause and prejudice.  As discussed above,

9  petitioner's failure to exhaust administrative remedies was apparently based on his inadvertent

10  failure to write down the correct log number in his request for a copy of the rules violation report.

11  While the undersigned may be sympathetic to petitioner's inadvertence, because no external

12  factor impeded petitioner's ability to exhaust administrative remedies he has not demonstrated

13  cause.  Because petitioner has not demonstrated cause, there is no need to reach the issue of

14  prejudice.

15          After reviewing the entire record, the undersigned finds no fundamental

16  miscarriage of justice if petitioner's claims are not considered.  Accordingly, for the reasons

17  discussed above, this action should be dismissed on grounds that the claims are procedurally

18  barred.

19  IV.  Conclusion

20          Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

21  a writ of habeas corpus be dismissed on grounds that it is barred by the statute of limitations and

22  on grounds that the claims are procedurally barred.

23          These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

25  one days after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

1    "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

2    objections, he shall also address whether a certificate of appealability should issue and, if so, why

3    and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

4    the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

5    2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

6    service of the objections.  The parties are advised that failure to file objections within the

7    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

8    F.2d 1153 (9th Cir. 1991).

9    DATED:  April 8, 2011

10

11                                                    _____

                                                      KENDALL J. NEWMAN

12                                                    UNITED STATES MAGISTRATE JUDGE

13   ho1447.157

14

15

16

17

18

19

20

21

22

23

24

25

26